*In re* PEDRO E. ANGLADE, Notario Público.

Sobre: INDICES NOTARIALES

*Sometido:* Octubre 8, 1952. *Resuelto:* Octubre 17, 1952.

*Pedro E. Anglade, pro se; J. Rivera Barreras, Fiscal del Tribunal Supremo.*

*Per Curiam:* El notario Pedro E. Anglade trasladó su oficina notarial de Arecibo a San Juan en el año 1947 y posteriormente de esta última ciudad a la de Río Piedras. De acuerdo con un informe rendido por el fiscal de este Tribunal y de dos certificaciones expedidas, una por la secretaria del antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, en julio 22 de 1952, y otra por el secretario del Tribunal Superior, Sala de Arecibo, en 19 de agosto del mismo año, dicho notario no remitió sus índices notariales a las secretarías de los referidos tribunales desde el año 1947. En 10 de septiembre de 1952 el notario Anglade prestó una declaración jurada haciendo constar "Que los índices notariales de esta notaría desde la fecha en que el suscribiente trasladó su oficina de Arecibo a San Juan, hasta esta fecha, han sido entregados, ahora, personalmente por el dicente a la Señora Secretaria del Tribunal Superior, Sala de San Juan."

En vista de estos hechos dictamos una resolución concediéndole un término de 15 días para que expusiera los mo-

tivos que pudiera tener por los cuales no debía ser corregido disciplinariamente por este Tribunal de conformidad con la sección 38 de la Ley Notarial de Puerto Rico, según fué enmendada por la Ley núm. 389 de 9 de mayo de 1951 ((1) pág. 957). En un escrito titulado "Moción de Comparecencia", nos pide dicho notario que le tengamos por comparecido, excusemos su negligencia y le exoneremos de corrección disciplinaria, por las siguientes razones:

"2.—Que los índices notariales a que se hace referencia en la indicada resolución fueron sometidos a la Secretaria del Tribunal Superior, Sala de San Juan."

"3.—Que dichos índices habían sido preparados oportunamente a tal extremo que se encuentran unidos a los protocolos encuadernados de esta notaría."

"4.—Que no hubo ni intención ni propósito de violar la ley ni de realizar ningún acto lesivo a la moral ni a los derechos de persona alguna."

Tales razones no justifican en manera alguna semejante violación de la sección 26 de la Ley Notarial. No se cumple ni el mandato expreso ni los fines y propósitos de esa sección, preparando los índices notariales oportunamente y uniéndolos al protocolo del notario. Dicha sección 26 impone a los notarios el deber de remitir sus índices notariales el lunes de cada semana al secretario de la sección del Tribunal de Distrito de Puerto Rico (hoy Tribunal Superior), en que esté localizada su oficina notarial.

Los notarios vienen obligados a dar cumplimiento estricto tanto a ésta como a las demás disposiciones de la Ley Notarial. En este caso no debemos limitarnos a censurar severamente, como ahora lo hacemos, la conducta observada por el notario Pedro E. Anglade, pues aunque al presente no hay indicios de que tal conducta haya lesionado los derechos de alguna persona, ni que haya sido motivada por propósitos de índole inmoral o fraudulentos, la misma envuelve una inexplicable y grave inobservancia de los sagrados deberes impuéstosle por la ley, máxime cuando se trata de un notario

que lleva más de 25 años ejerciendo tan difícil y delicado ministerio, sino que además debemos corregirle disciplinariamente.

*En vista de lo expuesto procede imponer a dicho notario una multa de cien dólares ($100) que pagará en la secretaría de este Tribunal dentro del término de 15 días.*

El Juez Presidente Señor Todd, Jr., no intervino.

Opinión concurrente, y disidente en parte, emitida por el Juez Asociado Señor Negrón Fernández, en la cual concurre el Juez Asociado Señor Sifre.

Estoy de acuerdo con la opinión del Tribunal en cuanto a que la omisión del notario Pedro E. Anglade, al dejar de remitir durante varios años sus índices notariales al Tribunal de Distrito (hoy Tribunal Superior) según lo exige la sección 26 de la Ley Notarial, constituye una "inexplicable y grave inobservancia" de los deberes fijádosle por dicha ley. También estoy de acuerdo con la censura que por tal omisión se le hace en dicha opinión.

Creo, sin embargo, que la historia limpia de un abogado y notario a través de ejecutorias profesionales sin tacha— en este caso por más de un cuarto de siglo—debe pesar en el ánimo de este Tribunal al resolver un asunto de esta índole, en el cual, si bien se faltó a una obligación impuesta por ley, no existen implicaciones de fraude ni de malicia, ni ha resultado perjuicio para nadie.

Por eso no creo—aunque tenemos el poder para ello—que deba imponerse al notario Pedro E. Anglade una multa disciplinaria. No la considero necesaria para lograr, en este caso, el objetivo correccional del estatuto. Estoy convencido que la sanción moral que surge de la censura contenida en la opinión del Tribunal es suficiente castigo y admonición para él.