*In re* NOTARÍA DE LA LIC. LYNETTE ALGARÍN OTERO.

*Número:* 5587      *Resuelto:* 14 de mayo de 1986

*Govén D. Martínez Surís,* Director de Inspección de Notarías; *Lynette Algarín Otero, pro se.*

I

PER CURIAM: El 27 de diciembre de 1985 el licenciado Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías, informó a este Tribunal que la abogada notario Lynette Algarín Otero había dejado de rendir índices notariales desde el 28 de julio de 1985 hasta esa fecha. Concedimos término para que mostrara causa por la cual no debía ser disciplinada, conforme lo dispuesto en la Sec. 26 de la Ley Notarial, Ley Núm. 99 de 27 de junio de 1956, según enmendada, 4 L.P.R.A. sec. 1026, por no rendir a su debido tiempo los índices notariales correspondientes al período antes indicado. Posteriormente le concedimos término para someter dichos índices al Director de la Oficina de Inspección de Notarías.

En su comparecencia, mediante escrito titulado Memorial de Justificación, ha expresado la licenciada Algarín Otero "que su negativa a rendir los informes no surgió de una acción voluntaria" para violar la Ley Notarial, sino "como consecuencia de unos cambios en su labor profesional y de circunstancias físicas y emocionales que le han ocasionado algunos contratiempos"; que por razón "de su carga profesional *olvidó notificar a la [Oficina de Inspección de Notarías] su intención en aquel entonces de abandonar la práctica notarial*", la cual había sido extremadamente limitada y que a partir de la fecha en que dejó de rendir los índices no otorgó documento alguno bajo su fe notarial. Señala además, que "para evitar cualquier desviación futura de los requisitos de la ley notarial . . . ha resuelto abandonar la práctica notarial y así lo ha notificado" a la Oficina de Inspección de Notarías en comunicación suscrita el 7 de marzo de 1986. En esa misma fecha hizo entrega del protocolo y del libro de afidávit al Director de la Oficina de Inspección de Notarías.

En un escrito informativo posterior, nos comunica la abogada notario Algarín Otero que ha cumplido con nuestra orden de someter los índices notariales dejados de rendir y que

ha corregido el defecto encontrado como resultado de la inspección a su obra notarial.

## II

El notario, como técnico asesor jurídico, está obligado a cumplir con las exigencias de la Ley Notarial, 4 L.P.R.A. sec. 1001 *et seq.,* cuyas disposiciones, según hemos expresado en repetidas ocasiones, son de cumplimiento estricto. *In re Todd Arias,* 117 D.P.R. 10 (1986) ; *In re Segarra Irizarry,* 116 D.P.R. 685 (1985) ; *In re Rivera Lassen,* 116 D.P.R. 325 (1985) ; *In re Colón de Zengotita,* 116 D.P.R. 303 (1985) ; *In re Anglade,* 73 D.P.R. 1000 (1952). Una vez investido por este Tribunal de la posesión de la función pública, y luego de haber cumplido con los requisitos de prestar fianza y juramento, y de registrar su firma, signo, sello y rúbrica en el Departamento de Estado, (¹) el notario es el único funcionario en Puerto Rico autorizado para actuar a base del ministerio de la fe pública. Los distintos supuestos excepcionales que hacen posible la terminación de dicha función los provee el Art. 35 de la Ley Notarial, 4 L.P.R.A. sec. 1035. (²) Una

---

(¹)4 L.P.R.A. sec. 1002.

(²)El Art. 35 de la Ley Notarial, 4 L.P.R.A. sec. 1035, dispone:

"En caso de fallecimiento o incapacidad mental o física de carácter permanente de un notario, o cuando cesare voluntaria o forzosamente en el desempeño de su ministerio, o en el caso de que la compañía aseguradora solicitare la terminación de su fianza, o cuando acepte un nombramiento con carácter permanente para cualquier cargo judicial o ejecutivo, el ejercicio del cual sea incompatible con el libre ejercicio de la profesión de abogado de acuerdo con las leyes de Puerto Rico, será deber del notario, de sus herederos, sucesores o causahabientes, y de sus fiadores, entregar, dentro de treinta días, sus protocolos, libros de afidávits, debidamente encuadernados, y demás documentos que tuviere en su poder como notario, a cualquiera de los inspectores de protocolos cuyos cargos se crean por la sec. 1038 de este título, con el fin de que sean inspeccionados y aprobados. Si no se verificare dicha entrega voluntariamente, dentro del indicado término, el Juez Presidente del Tribunal Supremo de Puerto Rico podrá dictar las órdenes correspondientes para que el alguacil del mismo se incaute de dichos protocolos, libros de afidávits y documentos. Una vez examinados los protocolos, libros de afidávits y documentos, serán entregados por el inspector que los

de las modalidades contenidas en el referido artículo es la dimisión voluntaria al notariado, con pleno conocimiento e intención de renunciar. El renunciatario es el Tribunal Supremo de Puerto Rico. La renuncia se hará por conducto del Director de la Oficina de Inspección de Notarías, mediante notificación escrita en la cual se exprese el deseo e intención de renunciar y se asegure el subsiguiente cumplimiento estricto con el procedimiento establecido en el precitado artículo. La Oficina de Inspección de Notarías constituye la unidad a través de la cual el Juez Presidente canaliza la entrega, inspección y aprobación de los protocolos, libros de afidávit y demás documentos en poder del notario renunciante.

El "delicado y puntilloso ministerio" que implica el ejercicio del notariado, *In re Pagani Rodríguez*, 109 D.P.R. 831, 833 (1980), requiere el fiel cumplimiento de dichas exigencias legales. La omisión de rendir los índices notariales a su debido tiempo, sin el notario haber renunciado por escrito ni haber hecho entrega de su obra notarial, podría tener consecuencias de " 'naturaleza grave lesivas a la fe pública de que están investidos los notarios' ". *In re Rivera Lassen*, supra; *In re Colón de Zengotita*, supra.

De igual manera la custodia y conservación de los protocolos es de vital importancia para la secretividad, pro-

---

examinó, al archivero general del distrito correspondiente. Si del examen practicado resultare que se han dejado de adherir las estampillas de rentas internas o las estampillas del impuesto notarial correspondientes, el fiscal del Tribunal Supremo deberá proceder a demandar el reembolso de las cantidades pendientes, del notario, de sus herederos, sucesores o causahabientes o de sus fiadores, para beneficio del Estado Libre Asociado de Puerto Rico y del Colegio de Abogados, debiendo informar al Juez Presidente del resultado de dichas gestiones inmediatamente. Cuando haya cesado la incapacidad del notario o cuando haya cesado en el desempeño del cargo judicial o ejecutivo que hubiere estado desempeñando, el archivero general del distrito le restituirá sus protocolos, si volviere a incorporarse al ejercicio del notariado."

tección e integridad, de los mismos. (³) El hecho de que la abogada notario Algarín Otero carece de oficina y despacho propio y adecuado para el ejercicio del notariado, a causa de los cambios habidos en su actividad profesional, no le permiten la inmediata y directa custodia, conservación y protección de los protocolos, los cuales, según el Art. 34 pertenecen al Estado Libre Asociado de Puerto Rico. (⁴)

Por los fundamentos antes consignados, no es posible aceptar la explicación de la abogada notario Algarín Otero en cuanto a su intención de renunciar al notariado, al dejar de rendir los índices, pues dicha intención debió quedar plasmada en una comunicación escrita a tenor con lo antes indicado.

En atención a las circunstancias especiales que rodean este caso y debido a que el expediente personal de la licenciada Algarín Otero refleja que ésta ha sido la única ocasión en que ha dejado de remitir los índices notariales, *procede que en este caso limitemos la sanción disciplinaria a una amonestación con apercibimiento de que en el futuro, si volviera a incorporarse al ejercicio del notariado, deberá dar cumplimiento estricto a todas las disposiciones de la Ley Notarial, supra, y se acepta la renuncia solicitada.*

El Juez Asociado Señor Hernández Denton disiente sin opinión escrita.

---

(³)*Ex parte González Ramírez,* 100 D.P.R. 1103 (1971).

(⁴)4 L.P.R.A. sec. 1034 dispone:

"Los protocolos pertenecen al Estado Libre Asociado de Puerto Rico, pero los notarios los conservarán como archiveros de los mismos y bajo su responsabilidad, con arreglo a las prescripciones de este Capítulo.

"Los notarios son responsables de la integridad y conservación de los protocolos, y si se deteriorasen por su falta de diligencia, los repondrán a sus expensas, pudiendo el Tribunal Supremo reprenderlos o imponerles una multa que no excederá de quinientos (500) dólares, todo ello como corrección disciplinaria. Si hubiere motivo racional para sospechar que se ha cometido un delito, se procederá inmediatamente a la radicación de la correspondiente acusación en el tribunal competente."