EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Rafael Carrasquillo Martínez | 2008 TSPR 87 <br><br> 174 DPR \_\_\_\_ |

Número del Caso: TS-4753

Fecha: 16 de mayo de 2008

Oficina de Inspección de Notarías:

          Lcda. Lourdes I. Quintana Lloréns
          Directora

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Rafael Carrasquillo Martínez          TS-4753

*PER CURIAM*

San Juan, Puerto Rico, a 16 de mayo de 2008

La Directora de la Oficina de Inspección de Notarías, Lcda. Lourdes I. Quintana Lloréns, mediante memorando del 22 de abril de 2008, nos informó, <u>en lo pertinente</u>, que el abogado notario Rafael Carrasquillo Martínez <u>no</u> había rendido los índices notariales correspondientes a los meses de julio de 2001 y julio de 2007, <u>como tampoco</u> los Informes de Actividad Notarial Anual correspondientes a los años 2006 y 2007, sin haber acreditado las razones para ello, según lo requiere el Artículo 12 de la Ley Notarial, las Reglas 12 y 13 del Reglamento Notarial y la Regla 13 de este Tribunal.

Nos informa la Lcda. Quintana Lloréns que dicha situación, la cual reviste gran importancia y seriedad, se complica aun más debido a que el referido abogado actualmente se encuentra confinado en una institución penal, desde el 28 de marzo de 2008, por razón de un desacato civil que le fuera impuesto, teniendo una vista de seguimiento en el mes de junio del presente año.

Dicho confinamiento ha causado que el mencionado abogado notario <u>no</u> haya rendido el índice notarial correspondiente al mes de marzo de 2008 <u>como tampoco</u> podrá rendir los índices correspondientes a los meses de abril, mayo y junio de 2008, dentro del término que dispone el Artículo 12 de la Ley Notarial.

Conforme la directora de ODIN, la situación se agrava <u>por la obligación del todo notario de custodiar su obra notarial y de designar un notario sustituto</u>, en caso de enfermedad o ausencia, conforme lo dispuesto por el Artículo 9 de la Ley Notarial y la Regla 18 del Reglamento Notarial. <u>Resolvemos</u>.

I

A

El notario es aquel profesional del Derecho, guardián de la fe pública, que ejerce una función pública, autorizado para dar fe y autenticidad, conforme a las leyes, de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen. Artículo 2 de la

Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2002; *In re López Cordero*, res. el 29 de abril de 2005, 2005 T.S.P.R. 64. El ejercicio del notariado exige un grado razonable de organización, dedicación, cuidado, consciencia pública y diligencia, por lo que debe ejercerse con el mayor grado de responsabilidad y rigurosidad. *In re Montañez Alvarado*, 160 D.P.R. 496 (2003); *In re de Hoyos Beauchamp*, res. el 25 de enero de 2007, 2007 T.S.P.R. 54. El abogado que entienda que no puede cumplir cabalmente con las obligaciones de cumplimiento estricto que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en un ejercicio de honestidad profesional, abstenerse de practicar el notariado. *In re Cruz Ramos*, 127 D.P.R. 1005 (1991); *In re Montañez Alvarado*, ante.

Como parte de esas obligaciones, se encuentra la de remitir a la Oficina de Inspección de Notarías un informe estadístico anual de actividad notarial no más tarde del último día de febrero del año siguiente al que se informa. Artículo 13-A de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2031a; y Regla 12 del Reglamento Notarial. Hemos enfatizado que el incumplimiento con tal obligación conlleva severas sanciones porque dicho deber es importante para la organización y documentación de las actividades notariales de Puerto Rico. *In re Vargas Pérez*, 145 D.P.R. 160 (1998).

A su vez, es un deber de todo notario remitir a la Oficina de Inspección de Notarias un índice mensual sobre

actividad notarial no más tarde del décimo día del mes siguiente al que se informa. Artículo 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2023; Regla 12 del Reglamento Notarial; y Regla 13 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R.13. La omisión de rendir dichos índices es una falta grave a los deberes que le impone al notario la investidura de la fe pública notarial, cuya conducta es reprensible y merecedora de la aplicación rigurosa de sanciones disciplinarias. Véase: *In re Prieto Ferrer*, 147 D.P.R. 113 (1998); *In re García Balinas*, res. el 9 de febrero de 2006, 2006 T.S.P.R. 36; *In re de Hoyos Beauchamp*, ante.

Falta a su deber ministerial el notario que reiteradamente incumple con su obligación de presentar los índices mensuales dentro del término establecido por ley, que omite presentar una oportuna moción explicativa cuando ha presentado tardíamente los referidos índices y que no cumple diligentemente con los requerimientos de la Oficina de Inspección de Notarías. *In re Jusino López*, 145 D.P.R. 52 (1998); *In re Sáez Burgos*, 161 D.P.R. 871 (2004). No es justificación válida para el incumplimiento de las mencionadas obligaciones que los índices a ser rendidos fueran negativos, ni que el notario haya dejado de ejercer la abogacía y el notariado. *In re Hernández Ramírez*, 120 D.P.R. 366 (1998); *In re Sáez Burgos*, ante.

Cuando un notario incumple con esta importante obligación se coloca en el umbral de la incapacidad para

ejercer el notariado. Véase: *In re* Jusino López, ante; *In re* Montañez Alvarado, ante.


B

Por otro lado, el protocolo de un notario es la colección ordenada de las escrituras matrices y actas que éste autoriza durante un año natural. Artículo 47 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2071. Por disposición expresa de ley, los protocolos pertenecen al Estado, mientras que el Notario es simplemente su custodio, encargado de guardarlos celosa y responsablemente para que no se pierdan o deterioren. Artículo 48 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2072; *In re* González Maldonado, 152 D.P.R. 871 (2000); *In re* López Cordero, ante.

Al respecto, hemos dicho que "la custodia y conservación de los protocolos es de vital importancia para la secretividad, protección e integridad de los mismos." *In re* Algarín Otero, 117 D.P.R. 365, 369-70 (1986). Además, los protocolos preservan la eficacia probatoria del instrumento público ante la posibilidad de que los interesados pierdan las copias de los documentos. S. Torres Peralta, El Derecho Notarial Puertorriqueño, Ed. Publicaciones STP, Inc., San Juan, 1995, pág. 14.1. Como custodio, el notario será responsable del deterioro o la pérdida de los protocolos por falta de diligencia. *In re* González Maldonado, ante; *In re* López Cordero, ante.

Por otro lado tenemos que, cuando por cualquier causa el notario se ausentare de su oficina por un periodo menor a tres meses, este profesional del Derecho deberá nombrar otro notario para que lo sustituya. Artículo 9 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2012. En tal caso, y luego de que ambos notarios notifiquen la sustitución en un mismo escrito y bajo sus firmas a la Oficina de Inspección de Notarías, el notario sustituto será responsable de la custodia y conservación de los protocolos del sustituido. *Id.*

Como es sabido, las obligaciones de todo notario de custodiar su obra notarial y nombrar un notario sustituto responden al ejercicio de la función pública de la cual está investido el notario y tiene el propósito de garantizar la continuidad de los servicios, tales como la expedición de copias certificadas y la protección de la integridad de los protocolos y los registros de testimonios. Artículos 9, 12 y 48 de la Ley Notarial; Regla 18 del Reglamento Notarial; *In re* Límite al Término para Designar Notarios Sustitutos, 115 D.P.R. 770 (1984).

II

El licenciado Carrasquillo Martínez ha demostrado un reiterado incumplimiento de las disposiciones de la Ley y el Reglamento Notarial al dejar de remitir informes anuales e índices mensuales de su obra notarial. Además, por su situación actual le es imposible corregir sus errores y

continuar cumpliendo con las exigencias de la profesión, sobretodo con aquella que le obliga a ser un celoso custodio de los protocolos públicos. Nuestros pronunciamientos son claras señales de una política judicial encaminada a lograr la máxima excelencia en todas las áreas del quehacer notarial. *In re* Sáez Burgos, ante.

Por los fundamentos expuestos procede decretar la suspensión inmediata e indefinida del Lcdo. Rafael Carrasquillo Martínez del ejercicio de la Notaría.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Rafael Carrasquillo Martínez          TS-4753


SENTENCIA

San Juan, Puerto Rico, a 16 de mayo de 2008

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual forma parte íntegra de la presente Sentencia, decretamos la suspensión, inmediata e indefinida, del Lcdo. Rafael Carrasquillo Martínez del ejercicio de la Notaría.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial del licenciado Carrasquillo Martínez y los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se concede el término de 30 días al Procurador General de Puerto Rico para que investigue y rinda un informe a este Tribunal sobre los hechos que motivaron la encarcelación del Lcdo. Rafael Carrasquillo Martínez por desacato civil.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez se inhibió.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo