per curiam:
La Directora de la Oficina de Inspección de Notarías, Leda. Lourdes I. Quintana Lloréns, mediante memorando de 22 de abril de 2008 nos informó, en lo per-tinente, que el abogado-notario Rafael Carrasquillo Martí-nez no había rendido los índices Notariales correspondien-tes a julio de 2001 y julio de 2007, como tampoco los “Informes de Actividad Notarial Anual” correspondientes a 2006 y 2007, sin haber acreditado las razones para ello, según lo requiere el Art. 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2023, las Reglas 12 y 13 del Regla-mento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, y la Regla 13 de este Tribunal, 4 L.P.R.A. Ap. XXI-A.
Nos informa la licenciada Quintana Lloréns que dicha situación, la cual reviste gran importancia y seriedad, se complica aún más debido a que el abogado actualmente se encuentra confinado en una institución penal desde el 28 de marzo de 2008, por un desacato civil que le fuera im-puesto, teniendo una vista de seguimiento en junio de 2008.
Este confinamiento ha causado que el abogado-notario no haya rendido el índice Notarial correspondiente a marzo de 2008, como tampoco podrá rendir los índices co-rrespondientes a abril, mayo y junio de 2008, dentro del término que dispone el Art. 12 de la Ley Notarial de Puerto Rico, ante.
Conforme a la Directora de la Oficina de Inspección de *801 Notarías, la situación se agrava por la obligación de todo notario de custodiar su obra notarial y de designar un no-tario sustituto, en caso de enfermedad o ausencia, con-forme a lo dispuesto por el Art. 9 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2013, y la Regla 18 del Regla-mento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV. Resolvemos.
I
A. El notario es aquel profesional del Derecho, guardián de la fe pública que ejerce una función pública, autorizado para dar fe y autenticidad, conforme a las leyes, de los negocios jurídicos y demás actos y hechos extrajudiciales que se realicen ante él. Art. 2 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2002; In re López Cordero, 164 D.P.R. 710 (2005). El ejercicio del notariado exige un grado razonable de organización, dedicación, cuidado, consciencia pública y diligencia, por lo que debe ejercerse con el mayor grado de responsabilidad y rigurosidad. In re Montañez Alvaradó, 160 D.P.R. 496 (2003); In re De Hoyos Beauchamp, 170 D.P.R. 122 (2007). El abogado que entienda que no puede cumplir cabalmente con las . obligaciones del cumplimiento estricto que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en un ejercicio de honestidad profesional, abstenerse de practicar el notariado. In re Cruz Ramos, 127 D.P.R. 1005 (1991); In re Montañez Alvarado, ante.
Como parte de esas obligaciones, se encuentra la de remitir a la Oficina de Inspección de Notarías un informe estadístico anual de actividad notarial no más tarde del último día de febrero del año siguiente al que se informa. Art. 13-A de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2031a; Regla 12 del Reglamento Notarial de Puerto Rico, ante. Hemos enfatizado que el incumplimiento con tal obligación conlleva severas sanciones, por- *802 que dicho deber es importante para la organización y do-cumentación de las actividades notariales de Puerto Rico. In re Vargas Pérez, 145 D.P.R. 160 (1998).
A su vez, es un deber de todo notario remitir a la Oficina de Inspección de Notarías un índice mensual sobre la actividad notarial no más tarde del décimo día del mes siguiente al que se informa. Art. 12 de la Ley Notarial de Puerto Rico, ante; Regla 12 del Reglamento Notarial, ante; Regla 13 del Reglamento del Tribunal Supremo, ante. La omisión de rendir estos índices es una falta grave a los deberes que impone al notario la investidura de la fe pública notarial, cuya conducta es reprensible y merecedora de la aplicación rigurosa de sanciones disciplinarias. Véase In re Prieto Ferrer, 147 D.P.R. 113 (1998); In re García Baliñas, 167 D.P.R. 125 (2006); In re De Hoyos Beauchamp, ante.
Falta a su deber ministerial el notario que reiteradamente incumple con su obligación de presentar los índices mensuales en el término establecido por la ley, que omite presentar una moción explicativa oportuna cuando ha presentado tardíamente los índices y que no cumple diligentemente con los requerimientos de la Oficina de Inspección de Notarías. In re Jusino López, 145 D.P.R. 52 (1998); In re Sáez Burgos, 161 D.P.R. 871 (2004). No es justificación válida para el incumplimiento de las obligaciones que los índices que han de ser rendidos fueran negativos ni que el notario haya dejado de ejercer la abogacía y el notariado. In re Hernández Ramírez, 120 D.P.R. 366 (1998); In re Sáez Burgos, ante.
Cuando un notario incumple con esta importante obli-gación se coloca en el umbral de la incapacidad para ejer-cer el notariado. Véanse: In re Jusino López, ante; In re Montañez Alvarado, ante.
B. Por otro lado, el Protocolo de un notario es la colección ordenada de las escrituras matrices y actas que éste autoriza durante un año natural. Art. 47 de la Ley *803 Notarial de Puerto Rico, 4 L.P.R.A. see. 2071. Por disposi-ción expresa de la ley, los Protocolos pertenecen al Estado, mientras que el notario es simplemente su custodio, encar-gado de guardarlos celosa y responsablemente para que no se pierdan o deterioren. Art. 48 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2072; In re González Maldonado, 152 D.P.R. 871 (2000); In re López Cordero, ante.
Al respecto, hemos dicho que “la custodia y conservación de los protocolos es de vital importancia para la secretivi-dad, protección e integridad de los mismos”. In re Algarín Otero, 117 D.P.R. 365, 369-370 (1986). Además, los Proto-colos preservan la eficacia probatoria del instrumento pú-blico ante la posibilidad de que los interesados pierdan las copias de los documentos. S. Torres Peralta, El Derecho Notarial Puertorriqueño, San Juan, Ed. Pubs. STP, 1995, pág. 14.1. Como custodio, el notario será responsable del deterioro o la pérdida de los Protocolos por falta de diligencia. In re González Maldonado, ante; In re López Cordero, ante.
Por otro lado tenemos que, cuando por cualquier causa el notario se ausenta de su oficina por un periodo menor a tres meses, este profesional del Derecho deberá nombrar otro notario para que lo sustituya. Art. 9 de la Ley Notarial de Puerto Rico, ante. En tal caso, y luego de que ambos notarios notifiquen la sustitución en un mismo escrito y con sus firmas a la Oficina de Inspección de Notarías, el notario sustituto será responsable de la custodia y conservación de los Protocolos del sustituido. íd.
Como es sabido, las obligaciones de todo notario de custodiar su obra notarial y nombrar un notario sustituto responden al ejercicio de la función pública de la cual está investido el notario y tiene el propósito de garantizar la continuidad de los servicios, tales como la expedición de copias certificadas y la protección de la integridad de los Protocolos y los registros de testimonios. Arts. 9, 12 y 48 de la Ley Notarial de Puerto Rico, ante; Regla 18 del Regla- *804 mentó Notarial, ante; In re Límite del Notario Sustituto, 115 D.P.R. 770 (1984).
II
El licenciado Carrasquillo Martínez ha demostrado un incumplimiento reiterado de las disposiciones de la Ley Notarial y el Reglamento Notarial de Puerto Rico al dejar de remitir los informes anuales e índices mensuales de su obra notarial. Además, por su situación actual le es impo-sible corregir sus errores y continuar cumpliendo con las exigencias de la profesión, en especial con aquella que le obliga a ser un celoso custodio de los Protocolos públicos. Nuestros pronunciamientos son claras señales de una po-lítica judicial encaminada a lograr la máxima excelencia en todas las áreas del quehacer notarial. In re Sáez Burgos, ante.
Por los fundamentos expuestos procede decretar la sus-pensión inmediata e indefinida del Ledo. Rafael Carras-quillo Martínez del ejercicio de la Notaría.

Se dictará Sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez se inhibió.