Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| *Ex parte:*<br><br>MAYTE SOTO MÚÑOZ<br>ALBERTO LÓPEZ LOZADA<br><br><br>ALBERTO LÓPEZ LOZADA<br>Peticionario | KLCE202500055 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.<br>E DI2006-1648<br><br>Sobre:<br>Divorcio por Consentimiento Mutuo |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece el señor Alberto López Lozada (señor López Lozada o parte peticionaria) mediante recurso de *certiorari*, solicitando la revisión de una *Resolución* emitida el 20 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas, (TPI). Mediante esta, dicho foro primario declaró *No Ha Lugar* una *Moción Solicitando Se Dicte Sentencia Sumaria* presentada por la parte peticionaria.

En su escrito ante nosotros el señor López Lozada plantea al menos dos asuntos que, juzgamos, requieren la intervención de este Tribunal de Apelaciones. Por una parte, el peticionario nos advierte que, a pesar del foro primario haber denegado una moción de sentencia sumaria, en la *Resolución* que a esos efectos emitió no cumplió con el requisito procesal que le obligaba a realizar determinaciones sobre hechos medulares incontrovertidos y hechos que permanecen en controversia. Además, la misma parte esgrime que, contrario a lo determinado por el tribunal *a quo*, en el contexto de la revisión de una pensión alimentaria sí procede

NÚMERO IDENTIFICADOR

SEN2025_____

considerar una petición de sentencia sumaria. Tiene razón en ambos señalamientos, por lo que debemos *expedir y revocar.*

## I. Resumen del tracto procesal pertinente

Según los datos que logramos obtener de la documentación incluida en el apéndice del recurso de *certioriari,* el joven Diego López Soto (López Soto) es hijo del señor López Lozada. Acontecido el divorcio entre el peticionario y la madre de López Soto, al peticionario se le impuso el pago de una pensión alimentaria en favor de dicho hijo. Además, luego de López Soto advenir a la mayoridad, el 29 de abril de 2022, al peticionario continuó pagando una pensión alimentaria en su favor, a razón de mil siento setenta y uno con cuarenta y dos centavos ($1,171.42) mensuales, por cuanto aún cursaba estudios universitarios, su bachillerato.

No obstante, el 21 de septiembre de 2023, el señor López Lozada presentó una *Urgente Moción Solicitando Relevo de Pensión Alimentaria,* aduciendo que López Soto había concluido sus estudios de bachillerato, por lo cual le correspondía presentar prueba para justificar que continuara recibiendo pensión alimentaria.

En respuesta, el joven López Soto instó una *Moción en Torno a Escritos Presentados por el Alimentista y Solicitud de Desacato,* solicitando que se denegara el relevo de la pensión alimentaria presentada por su padre, el señor López Lozada. Fundamentó su solicitud en que estaba completamente dedicado a sus estudios y que dependía económicamente de sus padres para cubrir sus necesidades. De igual forma, arguyó que se encontraba preparando para comenzar estudios de medicina, en agosto de 2024, por lo que tomó una serie de exámenes para lograr ser admitido, en particular, el Medical College Admission Test (MCAT), el 19 de agosto de 2023, y el 13 de septiembre de ese año tomó el examen *PreView,* estando supuesto a tomar, además, el *CasperTest,* el 28 de septiembre de 2023.

Con todo, el 7 de noviembre de 2023, la parte peticionaria reiteró su solicitud para ser relevado de la pensión alimentaria, reiterando que le

correspondía a López Soto demostrar ser acreedor de la pensión alimentaria, pues no se había mantenido cursando estudios.

Luego, el 27 de junio de 2024, el señor López Lozada presentó una *Moción Solicitando Se Dicte Sentencia Sumaria.* En lo que nos concierne, en dicho escrito la parte peticionaria incluyó una lista de cinco hechos que propuso como incontrovertidos, aludiendo a cierta prueba documental para sostenerlos, para entonces pasar a argumentar que procedía el relevo de la pensión alimentaria, aduciendo que, luego del joven López Soto culminar su bachillerato en mayo de 2023, no había continuado sus estudios.

Por su parte, y superados varios asuntos[1], el joven López Soto presentó su *Oposición a Solicitud de Sentencia Sumaria,* el 30 de julio de 2024.

Es así como, el 20 de agosto de 2024,[2] el TPI emitió la *Resolución* cuya revocación nos solicita el peticionario, limitándose a declarar *No Ha Lugar* la *Moción Solicitando Se Dicte Sentencia Sumaria* presentada, (y ordenar la continuación de los procesos).

En desacuerdo, el 30 de septiembre de 2024, la parte peticionaria presentó una *Moción de Reconsideración,* esgrimiendo tres argumentos. En primer lugar, adujo que, al ser denegada una solicitud de sentencia sumaria, resultaba obligatorio para el Tribunal la formulación de determinaciones de hechos esenciales y pertinentes sobre los cuales no subsistieran controversias, y aquellos hechos medulares que sí se mantenían en controversia, pero el TPI no llevó a cabo tal ejercicio. En segundo lugar, arguyó que la determinación del foro primario era errónea, pues no existía controversia alguna en cuanto a que López Soto no estuvo

---

[1] El 10 de julio de 2024, se llevó a cabo una vista de alimentos entre parientes, a los fines de discutir unas controversias en el descubrimiento de prueba para dilucidar la deuda reclamada por López Soto. Surge de la *Minuta* de dicha vista que el representante del joven López Soto expresó que "[c]oincide con la compañera en que no existe controversia que, desde mayo de 2023 hasta julio de 2024, el joven no estudió". Además, López Soto presentó una *Moción Enmendando Solicitud de Alimentos entre Parientes.*
[2] Notificada el 16 de septiembre de 2024.

estudiando desde que se graduó de bachillerato en mayo de 2023, hasta agosto de 2024, que comenzó sus estudios en medicina. Finalmente, argumentó que, como cuestión de derecho, no procedían los alimentos entre parientes, pues López Soto no cumplió con el requisito del Artículo 665 de Código Civil, 31 LPRA 7533, de estudiar ininterrumpidamente luego de haber llegado a la mayoría de edad.

A raíz de ello, el 13 de diciembre de 2024, el TPI emitió una *Orden*, declarando lo siguiente: "[n]o ha lugar la Solicitud de Reconsideración. **El asunto de epígrafe está en etapa *post* sentencia; por lo cual el mecanismo sumario al amparo de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V; es procesalmente improcedente**".[3] (Énfasis provisto).

Inconforme, la parte peticionaria acude ante nosotros mediante recurso de *certiorari*, señalando la comisión de los siguientes errores:

> Primer Error: Incidió el foro de instancia al denegar la solicitud de sentencia sumaria presentada por el peticionario, a pesar de que no existe controversia real alguna en cuanto a hechos materiales y, en particular, que el interventor no continuó sus estudios al graduarse de bachillerato en mayo de 2023 y no fue hasta agosto de 2024 que comenzó a estudiar medicina, luego de un periodo de catorce meses de ocio. Como cuestión de derecho, al no haberse mantenido el interventor estudiando un grado académico de manera ininterrumpida no es acreedor a alimentos entre parientes ya que no cumple con los criterios estatutarios ni jurisprudenciales para recibir tales alimentos.

> Segundo Error: Erró el Tribunal de Instancia al no hacer una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos al denegar la solicitud de sentencia sumaria y resolver en la denegatoria de la solicitud de reconsideración que la sentencia sumaria no es un mecanismo que puede emplearse en casos de alimentos entre parientes porque se trata de un trámite post sentencia para el que no puede emplearse la sentencia sumaria.

Mediante *Resolución* emitida el 23 de enero de 2025, (notificada al próximo día), le concedimos un término de veinte (20) días al joven López Soto para que presentara escrito en posición. No obstante, transcurrido dicho término en exceso, sin que López Soto se expresara de alguna

---

[3] Véase, Apéndice 15 del recurso de *certiorari*, pág. 100.

manera, hemos decidido dar por perfeccionado el recurso ante nuestra consideración y proceder a resolverlo sin el beneficio de su comparecencia.

## II.  Exposición de Derecho

i.

a.

La sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para favorecer la solución justa, rápida y económica de controversias en las cuales resulta redundante el celebrar un juicio debido a que lo que resta por aplicar es el derecho. *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, (2015). Para que la misma proceda es importante que la parte que promueve la moción demuestre con claridad el derecho que le asiste, pero sobre todo que no existe controversia sustancial sobre algún hecho material. *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137 (2006). Un hecho material, es aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica". *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015), *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 430 (2013). Por el contrario, no es "aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión, supra*, pág. 219.

Por lo tanto, el principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento", ya que si se utiliza de manera inadecuada puede prestarse para privar a un litigante de su día en corte, lo que sería una violación a su debido proceso de ley. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327-328 (2013). Ello, pues la mera existencia de "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria... cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012).

Se considera un hecho esencial y pertinente, aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, supra, pág. 213. Es el análisis de la existencia o no de controversias esenciales y pertinentes lo que determina si procede dictar sentencia sumaria, pues solo debe disponerse de un caso por la vía sumaria si ello procede conforme al derecho sustantivo aplicable. *Ortiz v. Holsum de P.R., Inc.*, 190 DPR 511, 525 (2014). En otras palabras, el tribunal procederá a dictar sentencia sumaria solo cuando "esté claramente convencido de la ausencia de controversia con respecto a hechos materiales y de que la vista evidenciaria es innecesaria". *Nissen Holland v. Genthaller*, 172 DPR 503, 511 (2007). Reiteramos, que la duda para impedir que se dicte sentencia sumaria no puede ser cualquiera sino debe ser de tal grado que "permita concluir que hay una controversia real y sustancial sobre hechos relevantes y pertinentes". *Ramos Pérez v. Univisión*, supra, págs. 213-214. También, recalcamos, para que proceda una moción de sentencia sumaria no solo se requiere la inexistencia de hechos en controversia, sino la sentencia tiene que proceder conforme al derecho sustantivo aplicable. *Ortiz v. Holsum,* supra, pág. 525.

Por otra parte, es esencial reconocer que la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R.36, establece de manera específica los requisitos de forma que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella. En lo pertinente, la parte promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. A su vez, la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100 (2015)*, SLG Zapata Rivera v. J.F. Montalvo*, 189 DPR 414 (2013)*.

La parte que se opone no puede descansar exclusivamente en sus alegaciones ni tomar una actitud pasiva. *Toro Avilés v. P.R. Telephone Co.*, 117 DPR 369 (2009). Por el contrario, tiene que controvertir la prueba presentada por la parte solicitante, a fin de demostrar que sí existe controversia real sustancial sobre los hechos materiales del caso en cuestión. *González Aristud v. Hosp. Pavía*, 168 DPR 127 (2006). Es conocido que, "[c]omo regla general, para derrotar [o sostener] una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univision P.R., Inc.*, supra, pág. 215.

Al considerar una moción de sentencia sumaria, si la parte promovida no controvierte los hechos que presente la parte promovente, los mismos se tendrán por ciertos*. Díaz Rivera v. Srio. de Hacienda*, 168 DPR 1, 27 (2006). Así, nuestro más alto foro ha aclarado que "a menos que

las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas, éstas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor de quien promueve". *Meléndez González, et al. v. M. Cuebas*, supra, pág. 137. Sin embargo, "toda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a la misma". *E.L.A. v. Cole,* 164 DPR 608, 626 (2005).

b.

En *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015), el Tribunal Supremo expresó que las Reglas de Procedimiento Civil de 2009 introdujeron un cambio significativo **en cuanto a las obligaciones de los tribunales al momento de atender las Solicitudes de Sentencia Sumaria**, en específico, al interpretar la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, que dispone:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla **no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma**, y es necesario celebrar juicio, **será obligatorio** que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos…**,

(Énfasis y subrayado provistos).

Como queda visto, la Regla citada requiere a los jueces que cuando denieguen una moción de sentencia sumaria de manera parcial o total, **determinen los hechos que han quedado incontrovertidos y aquellos que aún están en controversia**. (Énfasis suplido). *Meléndez González v. M. Cuebas,* supra. En la misma Opinión se cita con aprobación al tratadista Cuevas Segarra para explicitar que bajo la Regla 36.4 de las de Procedimiento Civil, *supra*, los tribunales, *están obligados a determinar, mediante resolución, los hechos esenciales y pertinentes sobre los que*

***no existe controversia sustancial****, así como aquellos hechos que estén controvertidos, a los fines de que no se tengan que relitigar los hechos que no estén en controversia. Lo importante de esta regla es que el nuevo texto mejorado hace énfasis en* **el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos*. Esta es la única forma de propiciar una revisión adecuada por los foros apelativos*.** (Énfasis provisto). *Meléndez González v. M. Cuebas,* supra, citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed. T. III, Publicaciones J.T.S., 2011, págs. 1074-1075.

C.

Los criterios a seguir por el Tribunal de Apelaciones al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. *Roldán Flores v. M. Cuebas, et al.,* 199 DPR 664 (2018); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100 (2015). A tenor, el Tribunal de Apelaciones debe:

1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

ii.

Los casos de familia están permeados del más alto interés público y tienen, además, un carácter *sui géneris*. En virtud de lo anterior, nuestro Tribunal Supremo ha expresado que *las determinaciones de alimentos y de custodia de menores no constituyen propiamente cosa juzgada, ya que están sujetas a revisión judicial, en el tribunal de instancia, si ocurre un cambio en las circunstancias que así lo justifique, siempre, claro está, tomando en consideración los mejores intereses y el bienestar de los menores. Figueroa v. Del Rosario,* 147 DPR 121, 128 (1998)*; Santana Medrano v. Acevedo Osorio,* 116 D.P.R. 298 (1985); *Centeno Alicea v. Ortiz,* 105 D.P.R. 523 (1977). En consecuencia, *estos dictámenes nunca son estrictamente finales ni definitivos. Las modificaciones a las determinaciones sobre custodia y alimentos basadas en hechos y circunstancias ocurridos con posterioridad a haberse emitido el dictamen que se intenta modificar, pueden reclamarse en el mismo caso o en uno independiente. Sin embargo, a pesar de que se tiene esta alternativa, en la mayoría de los casos no es recomendable que estas modificaciones se soliciten en un pleito independiente. La economía procesal así lo sugiere. Íd.,* p. 129.

*La determinación que emita el foro de instancia para resolver una solicitud de modificación de un decreto de custodia o alimentos, por cambios en las circunstancias, adjudica una reclamación entre las partes, de acuerdo con los hechos y las circunstancias existentes* en el momento *en que se dilucida y resuelve ésta y, por ende, constituye una nueva sentencia de la cual puede apelarse. Figueroa v. Del Rosario,* supra. *p. 129.*

En definitiva, *los dictámenes de custodia y de alimentos no constituyen cosa juzgada ya que pueden ser modificados de ocurrir un cambio en los hechos y las circunstancias que así lo justifique. Sin embargo, éstos tampoco son estrictamente interlocutorios ya que* adjudican y resuelven una reclamación entre las partes. *En virtud de lo anterior y*

*tomando en consideración la naturaleza sui géneris de los pleitos de familia, resolvemos que los dictámenes de alimentos y de custodia que modifican o intentan modificar los dictámenes finales previos, por haber ocurrido un cambio en las circunstancias, constituyen propiamente* sentencias. *Íd.*

El anterior precedente establecido por nuestro Tribunal Supremo en *Figueroa v. Del Rosario,* supra*,* atendía una controversia relativa a un cambio de custodia, y el mismo alto Foro también refirió allí su aplicación a casos de revisiones de pensiones alimentarias de menores. Ante ello surgía la interrogante de si tal norma jurisprudencial sería extensiva a casos de revisión de pensiones alimentarias entre excónyuges. A ello, en *Cortés Pagán v. González Colón,* 184 DPR 807, 813 (2012), el Tribunal Supremo contestó en la afirmativa, concluyendo que *las determinaciones sobre pensiones alimentarias de excónyuges constituyen propiamente sentencias de las cuales se puede interponer un recurso de apelación.* Previo alcanzar dicha conclusión en esa misma Opinión se zanjó que *es la institución de alimentos en sí misma la que motiva tan alto interés, pues ésta "surge del derecho fundamental de todo ser humano a existir y desarrollar plenamente su personalidad". Íd.*, pág. 814; *González v. Suárez Milán,* supra, pág. 301

### III. Aplicación del Derecho a los hechos

a.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, habilita a este Tribunal de Apelaciones a expedir un recurso de *certiorari* cuando se recurre de una resolución interlocutoria del TPI que, en lo pertinente: deniegue una moción de carácter dispositivo; tenga como objeto un caso de relaciones de familia

Precisamente, en el caso ante nosotros fue denegada una moción de sentencia sumaria, (es decir, una moción dispositiva), además, ello ocurrió en el contexto de un caso de relaciones de familia, (revisión de pensión

alimentaria), de modo que estamos facultados para, de así decidirlo, ejercer nuestra discreción y expedir el auto solicitado.

b.

Examinados los señalamientos de error esgrimidos por el señor López Lozada, nos resulta preciso iniciar examinando el segundo error de estos, en tanto su solución, como se verá, hace inoportuna la consideración del segundo. Mediante dicho segundo señalamiento de error la parte peticionaria advirtió que, al denegar su moción de sentencia sumaria presentada, el TPI incidió pues no cumplió su obligación de **establecer los hechos esenciales sobre los cuales no hay controversia sustancial, y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**. Tiene razón el señor López Lozada.

Basta una sola lectura de la *Resolución* recurrida para percatarnos de que, a pesar del TPI haber denegado la moción de sentencia sumaria instada por el aquí peticionario, **no** llevó a cabo el ejercicio de plasmar qué hechos, si algunos, la parte promovente logró establecer como como incontrovertidos, y cuáles de los hechos medulares permanecieron en controversia.

Según recalcamos en la exposición de Derecho, al denegar una moción de sentencia sumaria, la Regla 36.4 de Procedimiento Civil, *supra*, exige o impone al foro primario precisar los hechos materiales que no están en controversia y aquellos que continúan en controversia. Además, al interpretar dicha regla nuestro Tribunal Supremo ha sido tajante disponiendo sobre lo que identificó como, *el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos.[4] Meléndez González v. M. Cuebas,* supra. Sobre ello, el

---

[4] Claro, si evaluada la prueba documental presentada por la parte promovente de la moción de sentencia sumaria, el foro primario determinare que esta no sustenta ninguno de los hechos propuestos como incontrovertidos, así se tendría que plasmarlo, en cuyo caso, de todos modos, tendría que cumplir con el mandato de identificar los hechos medulares que siguen en controversia.

mismo alto Foro añadió que la inclusión de tales determinaciones de hechos *es la única forma de propiciar una revisión adecuada por los foros apelativos. Íd.*

c.

Juzgamos que la falta de cumplimiento de la *Resolución* recurrida con los requerimientos de la Regla 36, *supra,* partió del equívoco expresado por el foro recurrido al aseverar que la sentencia sumaria *no es un mecanismo que pueda emplearse **en casos de alimentos entre parientes**, **pues se trata de un trámite post sentencia**.*[5] (Énfasis provisto). Como surge de la exposición de Derecho, tal afirmación del foro recurrido bien podría sostenerse en casos ordinario, pero **no** en el contexto de un proceso de revisión de pensión alimentaria.

Según ya explicitado, las revisiones de pensiones alimentarias no constituyen cosa juzgada, pues están sujetas a revisión judicial si ocurre un cambio en las circunstancias que así los justifique. **Por tal razón, estos dictámenes nunca son estrictamente finales ni definitivos.** (Énfasis provisto). *Cortés Pagán v. González Colón,* supra; *Figueroa v. Del Rosario,* supra. De este modo, la determinación que emita el foro de instancia para resolver una solicitud de modificación de alimentos adjudica una reclamación entre las partes, de acuerdo con los hechos y las circunstancias existentes *en el momento* en que se dilucida y resuelve ésta y, por ende, constituye una nueva sentencia de la cual puede apelarse. *Íd.*

El asunto ante nosotros está enmarcado, precisamente, en un proceso de revisión de pensión alimentaria, aunque en el contexto particular de una determinación sobre si procede mantener el pago de pensión por alimentos a un hijo que advino a la mayoridad. El dictamen final que se alcance por el TPI al respecto es apelable, por encontrarse inserto en el proceso *sui generis* de impugnación de pensión alimentaria,

---

[5] Apéndice del recurso de *certiorari*, p. 100.

según el razonamiento expuesto por nuestro Tribunal Supremo en *Figueroa v. Del Rosario*, supra.

En definitiva, y conforme a lo explicado, el proceso de revisión conducido ante el TPI sí era susceptible de admitir la presentación de una petición de sentencia sumaria bajo la Regla 36 de Procedimiento Civil, *supra*, y el foro primario venía obligado a considerarla y disponer de ella. A tenor, procede ordenar la devolución del asunto al foro recurrido para que examine la moción de sentencia sumaria presentada, y el escrito en oposición a ella, a la luz de los requisitos dimanantes de Regla 36 citada, verificando si cumplen con las formalidades que allí se ordenan, para luego realizar las determinaciones de hechos medulares incontrovertidos e incontrovertidos requeridas, y finalmente disponer del curso decisorio que estime se sujete a derecho.

## I.    Parte dispositiva

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *expedimos* el auto de *Certiorari, revocamos* la *Resolución* recurrida y devolvemos el caso a la consideración del TPI para que evalúe la moción de sentencia sumaria y el escrito en oposición a esta, según los requerimientos de la Regla 36 de Procedimiento Civil, *supra*. De decidir denegar dicha moción dispositiva, el foro recurrido habrá de, entre otros, identificar los hechos medulares que fueron probados como incontrovertidos, (si alguno), y los hechos materiales que continúan en controversia.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones