*In re* CARLOS E. MONTAÑEZ ALVARADO.

*Número:* TS-8085          *Resuelto:* 21 de octubre de 2003

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Carlos E. Montañez Alvarado, pro se.*

PER CURIAM: Mediante comunicación de 2 de abril de 2003, la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos, nos informó que el abogado-notario Carlos E. Montañez Alvarado ha incumplido reiteradamente con su obligación de rendir los índices notariales mensuales, sin haber acreditado razones para ello y a pesar de los múltiples requerimientos que, a esos efectos, le ha hecho la referida oficina. Específicamente, el licenciando Montañez no ha presentado los índices notariales

correspondientes a los meses de marzo de 1994; abril de 1995; noviembre de 1996; septiembre de 1997; febrero, abril, octubre y diciembre de 1999; enero, julio y agosto de 2000; enero, septiembre y diciembre de 2001, y marzo, mayo, julio y septiembre de 2002.

El 30 de mayo de 2003, mediante Resolución a esos efectos, le concedimos al licenciado Montañez un término de veinte días para que rindiera los índices notariales pendientes y mostrara causa por la cual este Tribunal no debía suspenderlo del ejercicio de la abogacía y notaría por tal omisión. En su comparecencia ante nos, el licenciado Montañez presentó los índices notariales adeudados, *mas no adujo excusa ni razón alguna para justificar su incumplimiento.*

## I

El ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. El abogado que entienda que no puede cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su Reglamento debe, en un ejercicio de honestidad profesional, abstenerse de practicar el notariado. *In re Cruz Ramos,* 127 D.P.R. 1005, 1007 (1991).

Como parte de esas obligaciones se encuentra la de remitir a la Oficina de Inspección de Notarías un índice mensual sobre la actividad notarial no más tarde del décimo día calendario del mes siguiente al que se informa. Art. 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2023; Regla 12 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV. Esta obligación surge expresamente del texto de la ley y su cumplimiento no requiere conocimientos especiales —*In re Meléndez Mulero,* 124 D.P.R. 815, 817–818 (1989)— sino que se trata de "un procedimiento tan sencillo que corresponde a todos los notarios diseñar un método

para asegurar su cumplimiento ...". *In re Cruz Ramos*, ante, pág. 1007.

En repetidas ocasiones hemos enfatizado que el deber de los notarios de rendir índices notariales es de estricto cumplimiento. *In re Jusino López*, 145 D.P.R. 52, 56 (1998); *In re Garay Texidor*, 142 D.P.R. 220 (1997); *In re Bray Leal*, 137 D.P.R. 816, 818 (1995); *In re Odell Peck*, 137 D.P.R. 461, 463 (1994). La omisión de cumplir con esa obligación no sólo constituye una falta grave, sino también una conducta ilegal que puede acarrear la imposición de severas medidas disciplinarias. Véanse: *In re Jusino López*, ante; *In re Cruz Ramos*, ante; *In re Porrata-Doria Harding*, 128 D.P.R. 416 (1991); *In re Santiago Arroyo*, 132 D.P.R. 239 (1992); *In re Bonilla Martínez*, 120 D.P.R. 682 (1988); *In re Colón de Zengotita*, 116 D.P.R. 303 (1985). Por otro lado, hemos resuelto que el dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios. Véanse: *In re Jusino López*, ante; *In re Alvarado Tizol*, 122 D.P.R. 587 (1988).

Lo expresado anteriormente es más que suficiente para concluir que cuando un notario incumple con esta importante obligación, se coloca en el umbral de la incapacidad para ejercer el notariado. *In re Jusino López*, ante; *In re Rivera Lassen*, 116 D.P.R. 325 (1985).

## II

En el presente caso el licenciado Montañez ha incumplido *reiteradamente* con su obligación de rendir índices notariales mensuales y con su deber de actuar diligentemente ante los múltiples requerimientos que, a esos efectos, le hiciera la Oficina de Inspección de Notarías.[1] Fue

---

[1] Ello en contravención con la norma que establece que los notarios deben actuar con prontitud y diligencia ante los requerimientos de la Oficina de Inspección de Notarías. Véanse: *In re Ocasio López*, 157 D.P.R. 125 (2002); *In re Mangual López*, 152 D.P.R. 273 (2000).

necesaria nuestra intervención para que éste finalmente cumpliera con su deber legal de presentar los referidos índices. En virtud de este cuadro fáctico y considerando, además, que el notario no ha aducido razón ni justificación alguna que explique el incumplimiento con sus deberes, procede decretar la suspensión inmediata e indefinida de Carlos E. Montañez Alvarado del ejercicio del notariado en Puerto Rico, efectiva a partir del día en que el Alguacil de este Tribunal notifique la Sentencia dictada en el presente caso al notario.

El Alguacil deberá, además, incautarse en ese día de la obra notarial del referido notario, incluyendo su sello notarial, los cuales deberá entregar a la Oficina de Inspección de Notarías para la acción correspondiente.

*Se dictará Sentencia de conformidad.*