

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 13 |
| | 183 DPR ____ |
| José D. Pagán Pagán | |

Número del Caso: TS-2556

Fecha: 9 de diciembre de 2011

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José D. Pagán Pagán

TS-2556

*PER CURIAM*

En San Juan, Puerto Rico, a 9 de diciembre 2011.

El Colegio de Abogados de Puerto Rico compareció ante nosotros, mediante *Moción Informativa*, presentada el 27 de mayo de 2011, para solicitar que se le cancele la fianza notarial al licenciado José D. Pagán Pagán, debido a que tiene al descubierto el pago desde febrero de 2010.

Vista la *Moción Informativa*, el 6 de junio de 2011 emitimos una resolución concediéndole al licenciado Pagán Pagán un término de 20 días, para mostrar causa por la cual no debería ser suspendido del ejercicio de la notaría. Se le apercibió al notario que el incumplimiento con los requerimientos de este Tribunal conllevaría la

suspensión del ejercicio de la notaría y podría dar lugar a sanciones disciplinarias adicionales.

El 26 de agosto de 2011 emitimos otra resolución concediéndole al licenciado Pagán Pagán un término adicional de 20 días para acreditar que tiene al día la fianza notarial requerida por ley. El término concedido al licenciado Pagán Pagán transcurrió sin que éste compareciera. Al día de hoy no ha comparecido, mostrando con ello una actitud que lo hace indigno de ejercer la profesión de la abogacía y exige el ejercicio de nuestra facultad disciplinaria.

I

La obligación de mantener al día la fianza notarial proviene del Artículo 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A sec. 2011, el cual dispone:

> …
>
> **Ninguna persona autorizada para practicar la profesión notarial en Puerto Rico podrá ejercerla sin tener prestada y vigente una fianza por una suma no menor de quince mil dólares ($15,000) para responder del buen desempeño de las funciones de su cargo y de los daños y perjuicios que por acción u omisión cause en el ejercicio de su ministerio.** El límite de esta fianza no menoscaba los derechos del Estado Libre Asociado de Puerto Rico ni de las personas naturales o jurídicas en virtud de las disposiciones de la sec. 5141 del Título 31 o de cualquier otra disposición legal o jurisprudencial. La fianza del notario deberá ser hipotecaria o prestada por una compañía de seguros, autorizada para hacer negocios en Puerto Rico, o por el Colegio de Abogados de Puerto Rico, al que se autoriza a cobrar por la prestación de esa garantía, la

cantidad que estime razonable, según se dispone en la ley.

**La fianza deberá ser renovada anualmente y aprobada por el Tribunal Supremo de Puerto Rico**, el que pasará sobre su suficiencia en cuanto a las hipotecarias, las cuales deberán inscribirse en el registro de la propiedad correspondiente, antes de su aprobación final.[1]

…

En *In re*: Ribas Dominicci expresamos que: "[l]os abogados que se cruzan de brazos ante los requerimientos de este Tribunal para que comparezcan a explicar por qué no han renovado su fianza notarial, han sido suspendidos indefinidamente del ejercicio del notariado y de la abogacía. La trillada regla que ha utilizado este Tribunal en decenas de casos a los efectos de que merece ser suspendido un abogado que inexplicablemente se niega a atender los requerimientos de este Tribunal en su esfera disciplinaria, ha sido aplicada a casos (como el de autos) que tienen su origen en el incumplimiento de la obligación de pagar la fianza notarial".[2]

En reiteradas ocasiones, hemos resuelto que todos los miembros de la clase togada tienen el deber de responder con premura y por escrito a los requerimientos de este Tribunal relacionados a quejas por conducta profesional.

---

[1] 4 L.P.R.A. § 2011. (Énfasis nuestro).

[2] *In re*: Ribas Dominicci, 131 D.P.R. 491, 498 (1992).

Hacer lo contrario puede conllevar severas sanciones disciplinarias.[3]

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone:

> **El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto.** Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.
>
> El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa.[4]

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX.[5] Los abogados y las abogadas tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender nuestras órdenes acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión

---

[3] *In re:* Rodríguez Salas, 181 D.P.R. 579 (2011); *In re: Vilanova Alfonso,* 159 D.P.R. 167 (2003); *In re: Arroyo Rivera,* 148 D.P.R. 354 (1999).

[4] 4 L.P.R.A. Ap. IX. (Énfasis nuestro).

[5] *In re:* Fidalgo Córdova, 2011 TSPR 164; *In re*: Maldonado Rivera, 147 D.P.R. 380 (1999).

del ejercicio de la profesión. Véanse, entre muchos otros: *In re*: Rodríguez Salas, 181 D.P.R. 579 (2011); *In re*: Martínez Sotomayor I, 181 D.P.R. 1 (2011); *In re*: Rodríguez Rodríguez, 180 D.P.R. 841 (2011); *In re*: Polanco Ortíz, 179 D.P.R. 771 (2010); *In re*: Cruz Andújar, 2009 TSPR 139; *In re:* Grau Díaz, 167 D.P.R. 397 (2006); *In re:* Quiñones Cardona, 164 D.P.R. 217 (2005); *In re:* Zayas Cabán, 162 D.P.R. 839 (2004); *In re:* Arroyo Rivera, 161 D.P.R. 567 (2004); *In re:* Torres Torregrosa, 161 D.P.R. 66 (2004); *In re*: Fernández Pacheco, 152 D.P.R. 531 (2000); *In re*: Corujo Collazo, 149 D.P.R. 857 (1999); *In re*: Ron Menéndez, 149 D.P.R. 105 (1999).

En *In re*: Escalona Colón, 149 D.P.R. 900 (2000), indicamos que el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro".[6]

---

[6] *In re*: Escalona Colón, 149 D.P.R. 900, 901 (1999). Véanse, *In re*: Jiménez Román, 172 D.P.R. 485 (2007); *In re*: Guemárez Santiago I, 146 D.P.R. 27 (1998); *In re*: Nicot Santana, 129 D.P.R. 717 (1992).

II

El abogado de epígrafe ha actuado de forma censurable al no ser responsivo a los requerimientos que le ha hecho este Tribunal.

Por esto, se suspende indefinidamente al abogado del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta *opinión Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re*:


José D. Pagán Pagán                    TS-2556


SENTENCIA


En San Juan, Puerto Rico, a 9 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende indefinidamente al Lcdo. José D. Pagán Pagán del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo