EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2014 TSPR 134 |
|---|---|
| Danitza Santiago Ortiz | 191 DPR ____ |

Número del Caso: TS-16,520

Fecha: 28 de octubre de 2014

Oficina de Inspección de Notarías:

    Lcdo. Manuel Ávila De Jesús

Materia: <u>Conducta Profesional</u> – La suspensión de la notaría será efectiva el 5 de noviembre de 2014 fecha en que se le notificó a la abogada de su suspensión inmediata del ejercicio de la abogacía

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

| In re: | | Conducta Profesional |
|---|---|---|
| | Núm.: **TS-16,520** | |
| **DANITZA SANTIAGO ORTIZ** | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de octubre de 2014

El Lcdo. Manuel E. Ávila de Jesús, en calidad de Director de la Oficina de Inspección de Notarías (ODIN), sometió una moción solicitando la incautación inmediata de la obra notarial de la Lcda. Danitza Santiago Ortiz (licenciada Santiago), así como su suspensión temporera del ejercicio de la notaría. Luego de examinar la respuesta de la licenciada Santiago a las imputaciones vertidas en la moción de la ODIN, resolvemos que, dado el patrón de incumplimiento con los términos para someter ciertos documentos ante dicha oficina según fijados en la Ley Notarial de Puerto Rico (Ley Notarial)[1] y su reglamento, procede acoger la recomendación del Director de la ODIN. No obstante, consideramos que la magnitud de la desatención desplegada por la letrada a sus deberes

---

[1] Ley Núm. 75 de 2 de julio de 1987, 4 L.P.R.A. ant. sec. 1001 y ss. (2010).

para con la ODIN amerita que la suspensión del ejercicio de la notaría sea por tiempo indefinido.  Veamos.

# I

La licenciada Santiago fue admitida al ejercicio de la abogacía el 20 de agosto de 2007 y a la notaría el 18 de septiembre del mismo año.

El 16 de julio de 2014 la ODIN presentó una *Moción solicitando auxilio del Tribunal para incautación de obra notarial y otros remedios*.  En su moción, la ODIN señaló las siguientes faltas de las exigencias del derecho notarial por parte de la licenciada Santiago:

## A. TESTAMENTOS

### (1)  Retrasos

Según se desprende del escrito de la ODIN y los documentos que lo acompañan, entre el 2010 al 2014 en seis ocasiones la licenciada Santiago notificó el otorgamiento de testamentos a dicha oficina, luego de expirado el término de un día dispuesto para ello por la Ley Notarial.[2]  Las tardanzas fluctuaron entre cinco a catorce días.

---

[2]    En lo pertinente, el Art. 73 de la Ley Notarial dispone lo siguiente:

Los notarios remitirán al Director de la Oficina de Inspección de Notarías, el próximo día a partir de su otorgamiento, no contándose sábados y domingos ni los días feriados decretados por ley, una notificación autorizada por ellos de cada escritura matriz de otorgamiento, modificación, revocación o ampliación de testamento, o protocolización de testamento ológrafo o cerrado […].  4 L.P.R.A. sec. 2123 (2010).

Para la mayoría de los retrasos, la ODIN le envió una comunicación a la licenciada Santiago alertándola de estos y de su deber de presentar las razones que justificaran las tardanzas.[3] Fueron varias las justificaciones presentadas por la licenciada Santiago para los incumplimientos. En primera instancia, indicó que la correspondencia alegadamente había salido tarde de su oficina por motivo de los días festivos en diciembre. En otra ocasión, adujo que la muerte de un pariente cercano la había mantenido fuera de su oficina. En el resto de los casos explicó que, por error, entendía que se habían enviado a tiempo.

En lo concerniente a estos retrasos, mediante Resolución de 14 de marzo de 2011 la ODIN advirtió a la licenciada Santiago de su obligación de cumplir estrictamente con sus responsabilidades como notario. Igualmente, el 9 de octubre de 2013 le informó de la gravedad de las notificaciones tardías a la vez que le apercibió que, de incurrir nuevamente en este tipo de conducta, referiría el asunto a este Foro para la acción disciplinaria correspondiente.

**(2)   Guarismos**

El 4 de abril de 2014 la Jefa del Registro General de Competencias Notariales, adscrito a la ODIN, le envió dos

---

**3**    Véase, Regla 13(c) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, R. 13(c) (2012) y la Regla 63 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, R. 63 (2012).

avisos a la licenciada Santiago notificándole que, en los testamentos otorgados por ella mediante las Escrituras Número 2-A y 3, ambas de 14 de marzo de 2014, la hora del otorgamiento se expresó únicamente en guarismos.[4]  Al momento de someter su escrito, la ODIN desconocía si estos defectos habían sido atendidos por la licenciada Santiago, pues no había recibido respuesta a sus notificaciones.

**(3)  Acta de Subsanación**

De otra parte, la ODIN nos apercibió sobre la Escritura Número 4 de 6 de marzo de 2013, titulada Acta de Subsanación presentada por la licenciada Santiago ante el Registro de Testamentos.  Mediante comunicación de 24 de abril de 2013, la ODIN le informó a la licenciada Santiago que la mencionada escritura no podía ser inscrita, ya que los testamentos no son susceptibles de subsanación.[5]

**B. PODERES**

Igualmente, en múltiples ocasiones la licenciada Santiago incumplió con su deber de informarle a la ODIN del otorgamiento de escrituras relacionadas a poderes

---

[4]    Ello contrario al Art. 27 de la Ley Notarial, 4 L.P.R.A. sec. 2045 (2010).

[5]    Véase Regla 39 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, R. 39 (2012).

dentro de los tres días subsiguientes, según provisto en la ley.[6]

**(1)  Escritura Número 9 de 2010**

La Escritura Número 9 sobre Protocolización de Poder, otorgada el 25 de mayo de 2010, se notificó al Registro de Poderes el 3 de enero de 2011, es decir, **220 días en exceso** del término aplicable.  La licenciada Santiago cursó una carta a la ODIN con fecha 29 de diciembre de 2010 en la que informó que había obrado bajo la creencia de que no estaba obligada a notificar ese tipo de transacción a esa oficina.  Expresó que no fue hasta que consultó con el Registrador de la Propiedad que se percató de su error.  El 18 de febrero de 2011 la ODIN emitió una Resolución en la que apercibió a la licenciada Santiago respecto al estricto cumplimiento de sus obligaciones notariales.

**(2)  Escrituras Número 13 a la 21 de 2011**

La licenciada Santiago otorgó las Escrituras Número 13 a la 21 sobre Protocolización de Poderes el 21 de septiembre de 2011 y las notificó al Registro de Poderes el 23 de marzo de 2012, o sea, **179 días** luego de expirado el límite de tiempo aplicable.  Mediante carta con fecha 21 de marzo de 2012 la licenciada Santiago intentó excusar el retraso indicando que "[e]ntendía[] que las mismas

---

[6]    Véase Art. 3 de la Ley 62 de 8 de mayo de 1937, 4 L.P.R.A. sec. 922 (2010).

habían sido enviadas para la correspondiente registración, sin embargo al verificar el expediente [me] percat[é] que no se había hecho el trámite". El 8 de agosto de 2012 la ODIN emitió una Resolución en la que, una vez más, le comunicó su deber de cumplir a cabalidad con sus obligaciones notariales.

**(3)   Escritura Número 1 de 2012**

La Escritura Número 1 sobre Protocolización de Poder, otorgada el 31 de enero de 2012 por la licenciada Santiago, se notificó al Registro de Poderes el 23 de febrero de 2012. Esta vez, el retraso fue de **20 días** en exceso de lo provisto por ley. La licenciada Santiago no respondió a los requerimientos de la ODIN para que, a tenor con las exigencias de la Regla 13(c) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, R. 13(c) (2012), explicara los motivos para la tardanza.

**(4)   Escritura Número 2 de 2014**

El 1 de marzo de 2014 la licenciada Santiago otorgó la Escritura Número 2 sobre Poder General y la notificó al Registro de Poderes el 25 de marzo de 2014. La notificación se excedió por **19 días** del término para remitirla. En su correspondencia de 20 de marzo de 2014 dirigida a la ODIN, la licenciada Santiago ofreció sus excusas por la tardanza explicando que "entendía[] que se

había enviado la misma vía correo luego del otorgamiento del poder."

## C. ÍNDICES DE ACTIVIDAD MENSUAL NOTARIAL

Según se desprende de la Certificación expedida el 15 de julio de 2014 por la Jefa del Registro de Competencias Notariales, la licenciada Santiago adeuda los siguientes Índices de Actividad Mensual Notarial:

**Año**                       **Mes**

2009 - marzo, junio, agosto y septiembre

2010 - abril, mayo, junio, agosto y septiembre

2011 - abril, mayo, junio, julio y noviembre

2012 - febrero a diciembre

2013 - enero, febrero, abril a diciembre

2014 - enero a mayo

## D. ÍNDICES DE ACTIVIDAD NOTARIAL ANUAL

La Certificación antes mencionada, igualmente, señala que faltan por someter los Informes de Actividad Notarial Anual de la obra notarial de la licenciada Santiago correspondientes a los años 2010, 2011 y 2013.

Mediante Resolución expedida el 30 de julio de 2014, le concedimos a la licenciada Santiago un término de diez días para responder. La licenciada Santiago sometió su contestación el 12 de agosto de 2014.

**II**

La licenciada Santiago ofreció las siguientes explicaciones como defensa a las imputaciones de la ODIN:

Primeramente, admitió su tardanza en remitir los testamentos y los poderes según puntualizado por la ODIN. Adujo, no obstante, que siempre le presentó a la ODIN sus razones para estas demoras y se aseguró de que nadie se hubiese perjudicado por ello.

En cuanto a las Escrituras Número 2-A y 3 de 2014, en las cuales la hora del otorgamiento se expresó únicamente en guarismos, informó que había citado a las partes para otorgar los testamentos nuevamente. Con relación a la Escritura Número 4 de 6 de marzo de 2013 revisó y confirmó que no adolece de error, lo que tornó en innecesaria el acta de subsanación rechazada por la ODIN. Por último, indicó que "entendía[]" que había enviado los índices mensuales y los informes anuales listados por la ODIN en su Moción y acompañó copia de estos documentos con su escrito.

**III**

**A. TESTAMENTOS Y PODERES**

Según indicamos anteriormente, cada notario debe, dentro de las próximas **24 horas** de otorgadas, notificar a la ODIN todas sus escrituras relativas al otorgamiento, modificación, revocación, o ampliación y protocolización

de testamentos.  Igualmente, se le requiere que notifique a la ODIN las escrituras relacionadas con la protocolización, constitución, modificación, ampliación, sustitución, revocación, renuncia o renovación de poderes. Esto deberá efectuarse dentro de los próximos **tres días** laborables a partir de su otorgamiento.

En caso de no remitir a la ODIN la correspondiente notificación de los asuntos antes mencionados en el plazo dispuesto por ley, el notario deberá hacerlo a la brevedad posible y certificar, bajo su fe, firma y sello de notario, los hechos y circunstancias que motivaron la tardanza.[7]

La importancia de que exista constancia cierta de la fecha y hora de las escrituras concernientes a los testamentos y poderes es indiscutible.  El testamento constituye un acto mediante el cual una persona dispone de todo o parte de sus bienes para después de su muerte.[8]  En esencia, comprende la voluntad del causahabiente quien, por ese medio, dispone de cómo se distribuirá su patrimonio al morir.  No obstante, esa voluntad no es fija.  Se le permite a una persona cambiar los términos de su testamento según sus deseos y necesidades varíen con el tiempo.  Ahí reside la necesidad de que el Registro de Testamentos esté al día y refleje la realidad de esa

---

[7]    Regla 63 del Reglamento Notarial, *supra*.

[8]    Art. 616 del Código Civil, 31 L.P.R.A. sec. 2121 (1993).

voluntad al momento de morir el testador para, de este modo, asegurar su cumplimiento.

De otra parte, la validez o invalidez de un negocio jurídico, en el cual una persona comparece en representación de otra, dependerá de si el mandato que le concedió ese derecho se encontraba vigente al momento de la transacción. Claro está, es prerrogativa del mandante continuar o revocar esa autorización para que otro actúe a su nombre.[9] Consiguientemente, se justifica la urgencia en remitir los asuntos relativos a poderes a la ODIN por los perjuicios que puede ocasionar a las obligaciones contractuales, la modificación o revocación de un mandato que no conste en el Registro de Poderes.

En resumen, la naturaleza inherentemente dinámica de los testamentos y poderes valida el esquema riguroso de notificación consignado en nuestro ordenamiento. La utilidad del Registro de Testamentos y del Registro de Poderes depende precisamente de que la información allí consignada se mantenga actualizada.[10]

### B. ÍNDICES MENSUALES E INFORMES ANUALES

Los notarios vienen obligados a remitir a la ODIN índices mensuales de su actividad notarial no más tarde del décimo día calendario del mes siguiente al mes

---

[9]     Art. 1624 del Código Civil, 31 L.P.R.A. sec. 4482 (1990).

[10]     La ODIN es responsable del funcionamiento del Registro de Testamentos y el Registro de Poderes. Regla 59 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, R. 59 (2012).

informado.[11]  Igualmente, cada año deben rendir un informe estadístico de su actividad notarial.  Estos informes deben enviarse a la ODIN no más tarde del último día de febrero del año siguiente al que se informa.[12]

El incumplimiento con el requisito de notificar prontamente toda actividad notarial, ya sea mensual o anualmente, constituye una falta grave a los deberes que la fe pública notarial le impone de manera particular a estos profesionales.  Es por ello que tal desviación merece sanciones disciplinarias severas.  In re Da Silva Arocho, 189 D.P.R. 888 (2013); In re Miranda Casasnovas, 175 D.P.R. 774 (2009); In re Feliciano Lassalle, 175 D.P.R. 110 (2008); In re Carrasquillo Martínez, 173 D.P.R. 798 (2008).

El deber de notificación del informe estadístico anual "es importante para la organización y documentación de las actividades notariales de Puerto Rico." In re Carrasquillo Martínez, supra, a la pág. 802.  El hacerlo a destiempo o simplemente ignorarlo puede traer consigo consecuencias serias que impactan negativamente la fe pública que reviste a los notarios.  Véase, In re Miranda Casasnovas, supra; In re Feliciano Lassalle, supra; In re Montañez Alvarado, 160 D.P.R. 496 (2003).

---

[11]     Véase, Art. 12 de la Ley Notarial, 4 L.P.R.A. sec. 2023 (2010) y Regla 12 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, R. 12 (2012).

[12]     Véase, Art. 13-A de la Ley Notarial, 4 L.P.R.A. sec. 2031a (2010) y la Regla 13 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, R. 13 (2012).

El proceso de someter - tanto los índices como los informes - no es uno complicado. Meramente conlleva implementar un sistema administrativo sencillo que asegure su cumplimiento. In re Feliciano Lassalle, *supra*; In re Montañez Alvarado, *supra*; In re Cruz Ramos, 127 D.P.R. 1005 (1991).

**IV**

Todo notario viene obligado a acatar rigurosamente las disposiciones de la Ley Notarial y su reglamento. In re López Cordero, 164 D.P.R. 710 (2005). Apartarse de alguna de sus disposiciones sujeta al notario a sanciones.

Por la importante función que ejercen, la labor de los notarios exige que sean meticulosos en todos los aspectos de su trabajo. La notaría es un oficio que demanda gran atención y esmero. In re López Cordero, *supra*. A tono con lo anterior, hemos reconocido que "el ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. […]". In re Miranda Casasnovas, *supra*, a la pág. 779; In re Feliciano Lassalle, *supra*; In re Carrasquillo Martínez, *supra*; In re Montañez Alvarado, *supra*.

Conscientes de las variadas exigencias que le imponen la Ley Notarial y su reglamento, hemos advertido que, de no poder cumplir con estas obligaciones, los notarios **"debe[n], en el ejercicio de honestidad profesional, abstenerse de practicar el notariado."** In re Miranda

Casasnovas, supra, a la pág. 779 (citando a In re Cruz Ramos, a la pág. 1007) (énfasis en el original); In re Feliciano Lassalle, *supra*; In re Carrasquillo Martínez, *supra*; In re Montañez Alvarado, *supra*.

En este caso no existe controversia sobre los múltiples retrasos de la licenciada Santiago en notificar a la ODIN los testamentos otorgados por ella, así como las escrituras relacionadas a poderes. Cabe destacar que algunas de estas demoras fueron significativas. Igualmente, consta en autos que en numerosas ocasiones la ODIN le alertó sobre su incumplimiento con las fechas límites correspondientes y la posibilidad de que ello culminara en la imposición de sanciones en su contra. De otra parte, las razones ofrecidas por la licenciada Santiago para faltar a los términos fijados en ley para estos menesteres no justifican el patrón craso de incumplimiento que ha quedado claramente establecido.

Lo anterior se agrava por la desatención sistémica que la licenciada Santiago ha demostrado a su deber de presentar los índices mensuales e informes anuales de su obra notarial durante años, conducta que trata de defender con simplemente indicar que "entendía" que los había enviado.

Queda claro que no estamos frente a situaciones aisladas de incumplimiento durante un corto periodo de tiempo. Ello pone de manifiesto que la licenciada Santiago es incapaz de acatar los rigores de la Ley

Notarial y su reglamento, según le corresponde. El expediente en este caso demuestra, sin lugar a duda, que la oficina de la licenciada Santiago carece de un sistema confiable que pueda garantizar el cumplimiento con los requisitos de notificación a la ODIN dentro de los plazos específicos consignados en ley.

Según explicamos anteriormente, los motivos para compeler celeridad en el caso de los testamentos y poderes son de gran relevancia en el ámbito legal y social. No podemos perder de perspectiva que su inobservancia impacta la confiabilidad del sistema de registros de la ODIN. Igualmente, esta omisión crea el riesgo de repercusiones muy serias en los derechos de los individuos quienes, a su vez, quedan a la merced de la incertidumbre. Del mismo modo, los índices mensuales e informes anuales de actividad notarial garantizan la certeza de los documentos en que intervienen los notarios y evitan el riesgo de manipulación y fraude.

**V**

Por los fundamentos expuestos, procede decretar la suspensión inmediata e indefinida de la Lcda. Danitza Santiago Ortiz del ejercicio de la notaría.

Se ordena al Alguacil incautar la obra notarial de la licenciada Santiago, incluyendo su sello notarial y entregarlos al Director de la ODIN para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

**DANITZA SANTIAGO ORTIZ**

**Núm.** **TS-16,520**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se decreta la suspensión inmediata e indefinida de la Lcda. Danitza Santiago Ortiz del ejercicio de la notaría.

Se ordena al Alguacil incautar la obra notarial de la licenciada Santiago, incluyendo su sello notarial y entregarlos al Director de la ODIN para el correspondiente examen e informe a este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo