EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>Axel A. Núñez Vázquez | 2017 TSPR 30<br><br>197 DPR \_\_\_\_ |

Número del Caso: TS-11650

Fecha: 2 de marzo de 2017

Abogado de la parte promovente:

      Por derecho propio

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director

Materia: Conducta Profesional – La Suspensión será efectiva el 14 de marzo de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Axel A. Núñez Vázquez        TS-11,650

PER CURIAM

En San Juan, Puerto Rico, a 2 de marzo de 2017.

    Una vez más, nos vemos obligados a suspender del ejercicio de la notaría a un miembro de la profesión legal que incumplió con sus funciones como notario, además de incumplir, en reiteradas ocasiones, con las órdenes de este Tribunal y de la Oficina de Inspección de Notarías (en adelante, "ODIN"). Veamos.

I.

    El licenciado Axel A. Núñez Vázquez fue admitido al ejercicio de la abogacía el 26 de junio de 1996 y al ejercicio de la notaría el 14 de enero de 1997.

El 8 de mayo de 2015, el Director de la ODIN, licenciado Manuel E. Ávila De Jesús, compareció ante nos mediante un "*Informe Especial sobre Incumplimiento [con] la Ley Notarial [de] Puerto Rico y su Reglamento y en Solicitud de Remedio*" (en adelante, el "*Informe*"). En dicho *Informe*, el Director de la ODIN nos informó que el 31 de octubre de 2014 envió una misiva al licenciado Núñez Vázquez notificándole que no surgía de los archivos notariales que este hubiese presentado oportunamente un total de sesenta y siete (67) índices de actividad notarial mensual y seis (6) informes estadísticos de actividad notarial anual, correspondientes a los años naturales 2007 y 2009 al 2013[1]. En consecuencia, la ODIN le concedió al licenciado Núñez Vázquez un término de diez (10) días calendarios para cumplir con su deber notarial de radicar los referidos índices e informes, al igual que para que presentara por escrito la justificación para dicha tardanza. El licenciado Núñez Vázquez no cumplió con lo ordenado.

Así las cosas, el 15 de enero de 2015, el Director de la ODIN, vía correo certificado, envió una segunda comunicación al licenciado Núñez Vázquez en la que reiteró su orden; concediéndole, esta vez, hasta el pasado 30 de enero de 2015 para que cumpliera con su deberes notariales

---

[1] A saber, el licenciado Núñez Vázquez adeudaba los Índices de Actividad Notarial Mensual correspondientes a los meses de: marzo a diciembre de 2009; enero a diciembre de 2010; enero a diciembre de 2011; enero a diciembre de 2012; enero a diciembre de 2013; y enero a septiembre de 2014.

y presentara los referidos informes e índices adeudados, al igual que la debida justificación para la tardanza en presentar la mencionada documentación. Dicha comunicación fue devuelta a la ODIN el 17 de febrero de 2015, según el acuse de correo certificado y el sistema de búsqueda en la página cibernética del Servicio de Correo Federal (USPS).

Posteriormente, el 29 de abril de 2015, la señora Ana Vélez Rivera, Secretaria Jurídico adscrita al Registro de Asuntos No Contenciosos de la ODIN, le informó al director de la referida dependencia de este Tribunal que no surgía de sus archivos que el licenciado Núñez Vázquez tuviera al día la fianza notarial. Ello desde el 14 de enero de 1997, fecha en que fue admitido al ejercicio de la notaría. Dicha información fue corroborada vía telefónica con la Secretaría de este Tribunal y con el Colegio de Abogados de Puerto Rico.

Establecido lo anterior, y tras haber sido informados del incumplimiento del licenciado Núñez Vázquez con las órdenes de la ODIN, el 18 de marzo de 2016 emitimos una *Resolución* mediante la cual le concedimos al referido letrado un término de cinco (5) días para que mostrara causa por la cual no debíamos ordenar: 1) su suspensión inmediata e indefinida del ejercicio de la notaría; 2) que entregara la obra notarial bajo su custodia, así como su sello notarial; 3) que entregara los índices de actividad notarial mensual, así como los informes estadísticos de actividad notarial anual adeudados; y, que 4) presentara

evidencia acreditativa de los pagos efectuados durante los años 1998 al 2015 para mantener vigente su fianza notarial. El 28 de marzo de 2016, dicha *Resolución* fue diligenciada y notificada personalmente al mencionado licenciado por un alguacil de este Tribunal.

Así las cosas, el 16 de abril de 2016 el licenciado Núñez Vázquez compareció ante nos y presentó una "*Moción Informe Especial Sobre Incumplimiento de la Ley Notarial de Puerto Rico*". En la referida Moción, el licenciado Núñez Vázquez se limitó a informar, escuetamente, que no había recibido notificaciones previas por parte de la ODIN hasta el día 28 de marzo de 2016; que no practicaba la abogacía activamente; que labora a tiempo completo como gerente de manufactura en una farmacéutica, y que nunca había tenido una querella en su contra. Asimismo, solicitó un término adicional de treinta (30) días para mostrar evidencia de su cumplimiento con la Ley Notarial de Puerto Rico y con lo ordenado por este Tribunal.

Evaluados los planteamientos del licenciado Núñez Vázquez, el 7 de abril de 2016, notificada el 15 de abril del mismo año, emitimos una *Resolución* en la que le concedimos a este un término de treinta (30) días para cumplir con lo ordenado por este Tribunal en la *Resolución* del 18 de marzo de 2016. Nuevamente, el licenciado Núñez Vázquez no compareció.

Es, pues, a la luz del marco fáctico y procesal antes narrado que procedemos a resolver este asunto sin ulterior trámite.

II.

Como es sabido, el Artículo 12 de la Ley Núm. 75 del 2 de julio de 1987, Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 et seq., impone a los notarios y las notarias el deber de remitir a la ODIN un índice sobre sus actividades notariales mensuales no más tarde del décimo día calendario del mes siguiente al informado. A tenor con ello, la Regla 12 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, elabora los requisitos con que debe cumplir el mencionado índice y reitera las facultades del Director de la ODIN con relación a las remisiones tardías del mismo, conforme a lo dispuesto en la Regla 12 (c) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-A.

Por otro lado, el Artículo 13 (a) de la Ley Notarial de Puerto Rico, *supra*, establece la obligación de los notarios y notarias de remitir a la ODIN, no más tarde del último día de febrero del año siguiente, el informe estadístico anual de los documentos notariales autorizados durante el año precedente. Los notarios y notarias deben rendir dicho informe en el formulario que provee la ODIN para tales fines. *Véase*, Regla 13 del Reglamento Notarial de Puerto Rico, *supra*, y la Regla 13 del Reglamento del Tribunal Supremo de Puerto Rico*, supra.*

Cónsono con lo anterior, hemos reiterado que el incumplimiento de los notarios y notarias con la obligación de rendir los índices e informes notariales dentro del término provisto en ley constituye una falta grave a los deberes que se les impone como custodios de la fe pública notarial. Por lo tanto, dicha conducta debe acarrear sanciones disciplinarias severas. *In re Cabrera Acosta*, 193 DPR 461 (2015); *In re Santiago Ortiz*, 191 DPR 950 (2014); *In re Miranda Casasnovas,* 175 DPR 774 (2009).

Así pues, remitir los índices e informes notariales en el término dispuesto por nuestro ordenamiento es un deber de cumplimiento estricto, indistinto de si el notario o la notaria tuvo o no actividad notarial. *In re Miranda Casasnovas, supra*, a la pág. 778; *In re Feliciano Lassalle*, 175 DPR 110, 114 (2008); *In re Montañez Alvarado*, 160 DPR 496 (2003). Es decir, el notario y la notaria deben tener presente que dicho incumplimiento les coloca en "[…] el umbral de la incapacidad para ejercer el notariado". *In re Carrasquillo Martínez,* 173 DPR 798, 802 (2008); *In re Montañez Alvarado, supra; In re Jusino López, supra.* De igual forma, el notario y la notaria faltan a su deber ministerial cuando omiten presentar una moción explicativa oportuna al remitir tardíamente los índices notariales. *In re Carrasquillo Martínez, supra; In re Jusino López, supra; In re Montañez Alvarado, supra.*

En fin, "[e]l ejercicio del notario exige un grado *razonable de organización administrativa, supervisión,*

*responsabilidad y conciencia pública". In re Santiago Ortiz*, 191 DPR 950, 959-960 (2014); *In re Miranda Casasnovas, supra; In re Feliciano Lassalle, supra*. Por lo tanto, en la medida en que el notario o la notaria no pueda cumplir íntegramente con las obligaciones que les impone la Ley Notarial de Puerto Rico, *supra*, y su Reglamento, *supra*, debe abstenerse de practicar el notariado. *In re Feliciano Lasalle, supra,* a la pág. 115; *In re Montañez Alvarado, supra,* a la pág. 499.

III.

De otra parte, el Artículo 7 de la Ley Notarial de Puerto Rico, *supra*, en la sec. 2011, exige como requisito para ejercer la notaría en Puerto Rico que todo notario y notaria preste y mantenga vigente una fianza no menor de quince mil dólares ($15,000.00). *Véase* además la Regla 9 del Reglamento Notarial de Puerto Rico, *supra*. Dicha fianza responderá, entre otras cosas, por las cantidades que deje de abonar el notario o la notaria al erario por sellos de rentas internas, impuesto notarial, estampillas de la Sociedad para la Asistencia Legal y otros derechos exigidos por ley. Asimismo, la fianza responderá por la encuadernación de los protocolos, así como por cualquier otro gasto en que se incurra para realizar la inspección de la obra notarial y su aprobación, según indique el Director de la ODIN. *Véase,* Art. 7 de la Ley Notarial de Puerto Rico, *supra; Sucn. María Resto v. Ortiz*, 157 DPR 803 (2001); *In re Dominicci Ribas I*, 131 DPR 491 (1992).

Al respecto, hemos señalado que el notario o notaria que no cuente con la protección de la fianza notarial constituye un peligro, no tan solo para el tráfico jurídico de los bienes muebles, sino también para las personas a quienes les brinda sus servicios. *In re Asencio Márquez*, 176 DPR 598, 599 (2009); *In re Martínez Miranda*, 174 DPR 773, 777 (2008). El notario o notaria que no renueve diligentemente la fianza notarial, se expone, a ser suspendido del notariado. *In re Pagán*, 2012 TSPR 13, 183 DPR 1056, Ap. (2012); *In re Rosado Conde*, 2011 TSPR 160; 182 DPR 1068, Ap. (2011*); In re Lugo Méndez*, 2011 TSPR 152, 182 DPR 1068, Ap. (2011).

IV.

Por último, a través de los años, hemos sido enfáticos en torno a que los requerimientos que hace la ODIN son análogos a los que efectúa este Tribunal y los mismos deben atenderse con igual premura y diligencia. *In re Vázquez González*, 194 DPR 688, 695 (2016); *In re Martínez Romero*, 188 DPR 511 (2013); *In re Padilla Santiago*, 190 DPR 535, 538 (2014); *In re Martínez Romero,* 188 DPR 511, 515 (2011); *In re Santiago*, 175 DPR 990 (2009). Sobre el particular, hemos manifestado que la desatención a los requerimientos de la ODIN acarrea el mismo efecto que cuando se desobedece una orden emitida por este Tribunal. Tal conducta constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y repercute en acciones disciplinarias contra los

profesionales del Derecho. *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Vázquez González, supra; In re García Incera*, 177 DPR 329 (2010); *In re Maldonado Rivera*, 147 DPR 380 (1999).

En ese sentido, hemos sancionado rigurosamente la actitud de los abogados y abogadas que se caracteriza por la indiferencia y la desidia respecto a nuestras órdenes y señalamientos. *In re Vázquez González, supra*, a las págs. 695-96; *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Massanet Rodríguez,* 188 DPR 116 (2013). Así pues, procede la suspensión del ejercicio de la abogacía y/o la notaría cuando se desatienden los requerimientos formulados por este Tribunal y se muestra indiferencia ante nuestros apercibimientos de imponer sanciones. *In re Pérez Román*, 191 DPR 186 (2014); *In re Betancourt Medina,* 183 DPR 821 (2011); *In re Lloréns Sar*, 170 DPR 198 (2007). Ello, toda vez que la naturaleza de la función de los abogados y abogadas requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal. *In re Rivera Trani*, 188 DPR 545 (2013); *In re García Incera*, supra; *In re Colón Rivera*, 180 DPR 440 (2007).

Es, precisamente, a la luz de la normativa antes expuesta, que procedemos a disponer de los asuntos disciplinarios traídos a nuestra atención.

V.

Como pudimos apreciar, en el presente caso resulta evidente que el licenciado Núñez Vázquez ha incumplido,

reiteradamente, con su deber y obligación de remitir a la ODIN, según requerido por las disposiciones legales y reglamentarias aplicables, un total de setenta y cuatro (74) índices de actividad notarial mensual, al igual que siete (7) informes estadísticos de actividad notarial anual[2]. Tampoco ha justificado la razones que ha tenido para la tardanza en radicar los referidos índices e informes, a pesar de que se le ha concedido tiempo para ello. El proceder errado del notario en cuestión se agrava al ignorar, en reiteradas ocasiones, las órdenes y requerimientos de la ODIN y de este Tribunal.

Sin lugar a dudas, el patrón de conducta desplegado por el licenciado Núñez Vázquez constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la notaría. En vista de ello, se le suspende inmediata e indefinidamente de la notaría.

Además, se le ordena al licenciado Núñez Vázquez someter los índices adeudados, so pena de sanciones ulteriores como, por ejemplo, de índole monetaria, referirlo al Tribunal de Primera Instancia para iniciar un proceso de desacato o suspenderlo indefinidamente de la abogacía. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días

---

[2] Al momento de disponer de este caso, el notario adeuda, además, los Índices de Actividad Mensual correspondiente a octubre, noviembre y diciembre de 2014, así como enero a marzo de 2015. De igual manera, adeuda el Informe de Actividad Notarial Anual correspondiente al año natural 2014.

contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar la obra y sello notarial del licenciado Núñez Vázquez y entregar los mismos al Director de la ODIN para la correspondiente investigación e informe.

Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Axel A. Núñez Vázquez          TS-11,650

SENTENCIA

En San Juan, Puerto Rico, a 2 de marzo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. Axel A. Núñez Vázquez inmediata e indefinidamente del ejercicio de la notaría.

Se le ordena al licenciado Núñez Vázquez someter los índices adeudados, so pena de sanciones ulteriores como, por ejemplo, de índole monetaria, referirlo al Tribunal de Primera Instancia para iniciar un proceso de desacato o suspenderlo indefinidamente de la abogacía. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, se le ordena al Alguacil de este Tribunal incautar la obra y sello notarial del licenciado Núñez Vázquez y entregar los mismos al Director de la ODIN para la correspondiente investigación e informe.

Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


                         Juan Ernesto Dávila Rivera
                         Secretario del Tribunal Supremo